E-FILED
Monday, 19 July, 2010 01:52:30 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| NATHANIEL N. WHITE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 09-CV-2210 |
| ) | |
| DONALD GAETZ, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION

Petitioner, Nathaniel N. White, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (#1), which was denied by this court in an Opinion (#23) dated April 30, 2010. On May 19, 2010, Petitioner filed a Letter Construed as a Motion for Certificate of Appealability (#26). He filed a more formal Motion for Certificate of Appealabilty (#31) (COA) on May 26, 2010. That same day he filed a Motion for Leave to Appeal In Forma Pauperis (#30). For the following reasons, Petitioner's Motions for Certificates of Appealability (#26, #31) are DENIED and his Motion to Proceed In Forma Pauperis (#30) is GRANTED.

## ANALYSIS

In a habeas proceeding, there shall be no right of appeal unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue under subparagraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Once the certificate is issued, it must specify which issue or issues satisfy the showing required by paragraph (2). 28 U.S.C. § 2253(c)(3). "When a

district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was right in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In an Opinion (#23) dated April 30, 2010, this court denied Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody (#1). In that Opinion, the court denied Petitioner's first ground (that the evidence at trial was insufficient to prove him guilty of first degree murder) because Petitioner did not show by clear and convincing evidence that the state court decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law; and (2) the state court decision resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court hearing.

Petitioner's remaining four grounds concerning ineffective assistance of counsel (for (1) failing to tender an instruction on second-degree murder; (2) failing tender an instruction on self-defense; (3) for failing to challenge the admissibility of his allegedly involuntary statement; and (4) for failing to challenge his arrest based on probable cause) were denied on procedural grounds. Specifically, the court found that Petitioner had failed to present these claims for a full round of state court review. Petitioner had presented the claims on direct appeal, but the Illinois Appellate Court rejected the claims on procedural grounds, saying they would be more appropriately presented in a post-conviction petition. Petitioner then brought all his claims in a Petition for Leave to Appeal (PLA) to the Illinois Supreme Court, which was denied. Petitioner raised the claims again in his post-conviction petition, and the state trial court, following an evidentiary hearing, rejected those

claims, finding his trial counsel was not ineffective. On his appeal to both the Illinois Appellate and Supreme Courts from the denial of his post-conviction petition, Petitioner failed to raise those claims, instead arguing that his *post-conviction counsel* was ineffective. This court found that Petitioner's ineffective assistance of counsels claim had not been reviewed on the merits, but rather had been procedurally defaulted based on an adequate and independent state procedural ground, namely the practice in Illinois courts that ineffective assistance of counsel claims are better brought in the post-conviction petition stage instead of direct appeal.

Petitioner filed two Motions for Certificate of Appealability (#26, 31) on May 19 and 26, 2010. On June 28, 2010, following an extension of time allowed by this court, Petitioner filed his Memorandum in Support of Motion for Certificate of Appealability (#36). In his Memorandum, Petitioner argued (1) the evidence was insufficient to convict him and (2) he should not have been procedurally defaulted because the decision to not raise the ineffective assistance of trial counsel issues on appeal from denial of his post-conviction petition was made by his appellate counsel, and had Petitioner been cognizant of the need to raise such issues to preserve them for a habeas petition, he would have raised them.

As to the first issue, whether there was sufficient evidence to convict Petitioner of the crime of first degree murder, the court stands by its prior Opinion (#23) and does not believe Petitioner has made a substantial showing of the denial of a constitutional right. The ineffective assistance of counsel claims, however, are more problematic. It is well established that, even if a claim is raised at all levels of appellate review in a state court, a federal habeas court is foreclosed from reviewing a question of federal law decided in a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman

v. Thompson, 501 U.S. 722, 729 (1991); United States ex rel. Bell v. Pierson, 267 F.3d 544, 556 (7th Cir. 2001). The procedural ground in question is not codified in the Illinois Supreme Court Rules or Illinois statutory law. Rather, it has developed in case law, utilized by the Illinois courts See People v. Calvert, 760 N.E.2d 1024, 1030 (Ill. App. Ct. 2001) (adjudication of a claim of ineffective assistance of counsel is often better made in proceedings on a petition for post-conviction relief, where a complete record can be made). Still, the court recognizes that this is not a hard and fast rule, and while it has been employed by Illinois courts, other Illinois courts have reviewed ineffective assistance claims on the merits on direct review. See People v. Gabriel, 924 N.E.2d 1133, 1146 (Ill. App. Ct. 2010) (appellate court considering, on the merits, a defendant's claim of ineffective assistance of trial counsel on direct review). As far as this court can tell, the use of the Illinois court preference to raise ineffective assistance claims in post-conviction proceedings to find an independent and adequate state ground to procedurally default a claim on federal habeas review is novel and unsettled in the Seventh Circuit. The court believes that Petitioner's claim was properly procedurally defaulted, but also recognizes that jurists of reason would find it debatable whether the court was right in its procedural ruling, as the preference for raising an ineffective assistance claim in post-conviction proceedings does not appear to be a bright line, hard and fast rule in Illinois courts. Slack, 529 U.S. at 484.

However, for a COA to issue, Petitioner must also demonstrate that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right as it relates to the merits of his ineffective assistance claims. Slack, 529 U.S. at 484. To prevail on a claim for ineffective assistance of counsel, the Petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) that counsel's poor performance

prejudiced the outcome of the proceedings. Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner must overcome the strong presumption that, under the circumstances, trial counsel's challenged actions might be considered sound trial strategy. Bell v. Cone, 535 U.S. 685, 698 (2002).

a. Failure of Trial Counsel to Tender Second-Degree Murder Instruction

Petitioner believes that trial counsel should have tendered instructions for second-degree murder to the jury, as Petitioner claimed that Robert Nash threatened to cut Petitioner and his friends. Petitioner claims he acted on the belief that Nash was a threat to him and his friends, and that his actions were a "reaction" to Nash, and Petitioner subjectively believed his actions were justified.

Trial counsel John Taylor believed that there were no facts in the record that justified tendering a second degree murder instruction to the jury. As a matter of trial strategy, Taylor believed there was no way to argue to the jury that Petitioner had serious provocation sufficient enough to excite an intense passion in a reasonable person, which is required for second degree murder.

Based on Taylor's testimony, and the facts of the case, the circuit court agreed that a second degree murder instruction would not have applied. The court found there was no reason to grant those instructions as "the legal elements of those matters were not present given the facts in the record and the time of trial."

b. Failure of Trial Counsel to Tender an Instruction on Self-Defense

Petitioner also argues that counsel should have tendered a self-defense instruction for the same reasons a second-degree murder instruction should have been included.

As relates to self defense, Taylor thought about that as a possible defense theory, but in the

end, believed none of the facts supported a self defense claim. Taylor gave a detailed explanation why he felt that Petitioner, based on the story he told police of the altercation between himself and the victim, could not sustain a self defense claim. Taylor referred to a self defense claim as "frivolous." Further, as he presented the involuntary manslaughter claim to the jury, Taylor felt that would be inconsistent with a claim of self defense, and as a matter of trial strategy elected to go with involuntary manslaughter, which he felt the jury was more likely to agree with.

The court gave the same reasons for rejecting the self defense claim as it did on the second degree murder instruction.

### c. Failure of Trial Counsel to Challenge Admissibility of Involuntary Statement

Petitioner believes trial counsel should have challenged the admission of his "involuntary statement" made to detectives. Petitioner told police he and some friends encountered Nash in the Champaign bicycle path and had a verbal altercation. Petitioner at one point ran at Nash and hit him with his fist, knocking him to the ground, and when Nash tried to get back up Petitioner hit Nash and stomped/kicked on his chest 8-10 times before leaving. Petitioner alleges the statement was involuntary because of the circumstances in which it was taken: he was called out of high school gym class by the principal and handcuffed by uniformed police officers and taken to the station, where he was interrogated by armed police without the presence of a lawyer, guardian, or juvenile officer. Petitioner's mother was called at home by the school and, when she contacted the police, they told her Petitioner was being investigated for a broken window charge. Police told her she could speak with Petitioner once he was transferred over to the juvenile detention center, by which time the questioning was over. Petitioner claims that these circumstances, combined with his learning disability, made his statement involuntary.

At the post-conviction evidentiary hearing, John Taylor testified that Petitioner did not seem to have any problem in understanding various legal theories, including self defense as an affirmative defense. There was nothing about Petitioner that indicated to Taylor that he was incapable of waiving his constitutional rights. In Taylor's opinion, Petitioner's learning disability did not seem to effect him at all.

Taylor reviewed Petitioner's taped confession to the police, as well as the transcript of that confession. There was nothing from the confession that indicated to Taylor that it was involuntarily obtained from Petitioner. Petitioner had been Mirandized prior to the confession and seemed "subdued" and "thoughtful" during it. Taylor did not believe there was a good faith basis to file a motion to suppress the confession. Rather, the strategy at trial was to present Petitioner as a good, honest, and thoughtful child and to attempt to obtain a verdict of involuntary manslaughter as opposed to first degree murder.

With regard to the motion to suppress Petitioner's statement, the circuit court disagreed with Taylor that he could not in good faith have filed the motion. The court found that there were some articulable facts based on which counsel could have filed a motion without violating a duty of candor to the court (such as Petitioner's age (16) and learning disability (though the court admitted it did not know what the learning disability was)). However, the court found that Taylor's decision to not file the motion to suppress was not objectively unreasonable. The court found it was good judgment on Taylor's part to reason that a motion would have little to no probability of success. The court found no coercion or deception on the part of the police, and determined that Petitioner's waiver of his right to remain silent was knowing and voluntary.

d. Failure of Trial Counsel to Challenge Petitioner's Arrest Based on Probable Cause

Petitioner challenges his arrest by arguing that it was based on information from "two unconfirmed, uncorroborated, inaccurate, unreliable tips." The tips in question came in the form of an anonymous letter which stated "four boys beat a 55-year old black male," and gave the first name of "Nathaniel, a 16-year old" and said "he was the actual person that gave him that fatal blow which was some type of sharp blunt object." Later, a criminal informant told one of the detectives investigating Robert Nash's (the person Petitioner was convicted of murdering) death that he had a jailhouse conversation with a person who implicated Petitioner in Nash's death.

Taylor did consider challenging Petitioner's arrest, but after examining the facts and circumstances surrounding the issuing of the warrant concluded that there were abundant facts in the affidavit to support the warrant. Taylor felt the anonymous letters that the police based their affidavit in support of a warrant on contained a reliable factual basis. The letters contained sufficient details of the crime to show reliability. He had no reason to believe that any of the statements made in support of the affidavits was false. There was no grounds for filing a motion to suppress and no grounds for an evidentiary hearing challenging the arrest.

In his ruling on the post-conviction petition, the court agreed with Taylor that there were no grounds for an evidentiary hearing. The affidavit used to support the warrant to arrest sufficiently established probable cause. The court found no evidence that there was a reckless disregard for the truth or any misstatement of fact in the affidavit.

Having reviewed the post-conviction petition hearing and the circuit court's ruling on that petition, this court finds that it agrees with the conclusion reached by the circuit court. Petitioner could not prevail on his ineffective assistance of counsel claim. The decisions made and actions taken by defense counsel at trial fall within the realm of trial strategy and were not objectively

unreasonable so as to violate Strickland.   Petitioner has not demonstrated that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right as it relates to the merits of his ineffective assistance claims.  Slack, 529 U.S. at 484.

Therefore, Petitioner's Motions for Certificate of Appealability (#26, 31) are DENIED. Petitioner also filed a Motion for Leave to Appeal In Forma Pauperis (#30) and attached his prisoner trust fund ledger, showing an account balance of $4.29.  Petitioner's Motion for Leave to Appeal In Forma Pauperis (#30) is GRANTED.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motions for Certificates of Appealability (#26, #31) are DENIED.

(2) Petitioner's Motion for Leave to Appeal In Forma Pauperis (#30) is GRANTED.

ENTERED this   19th   day of July, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE